```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
TRUSTEES OF THE OPERATING                    :
ENGINEERS LOCAL 137, 137A, 137B, 137C,       :
& 137R ANNUITY, PENSION, WELFARE             :
AND APPRENTICESHIP SKILL                     :
IMPROVEMENT & SAFETY FUNDS OF THE            :
INTERNATIONAL UNION OF OPERATING             :
ENGINEERS, LOCAL 137, 137A, 137B, 137C &     :
137R; and THE INTERNATIONAL UNION OF         :    OPINION AND ORDER
OPERATING ENGINEERS LOCAL 137, 137A,         :
137B, 137C & 137R,                           :    14 CV 2640 (VB)
                         Plaintiffs,         :
                                             :
v.                                           :
                                             :
WJL EQUITIES CORP.,                          :
                         Defendant.          :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiffs, the Trustees of the Operating Engineers Local 137, 137A, 137B, 137C & 137R Annuity, Pension, Welfare and Apprenticeship Skill Improvement & Safety Funds of the International Union of Operating Engineers, Local 137, 137A, 137B, 137C & 137R (the "Funds"), and the International Union of Operating Engineers Local 137, 137A, 137B, 137C & 137R (the "Union") bring this action against defendant WJL Equities Corp. pursuant to the Labor Management Relations Act of 1947 ("LMRA") and the Employee Retirement Income Security Act ("ERISA"). Plaintiffs seek to enforce the collective bargaining agreements between the Union and defendant and collect unpaid contributions owed to the Funds.

Before the Court is plaintiffs' unopposed[1] motion for summary judgment. (Doc. #39).

For the reasons set forth below, the motion is GRANTED.

---

[1] On July 23, 2015, the Court ordered defendant to file its opposition by October 21, 2015. (Doc. #31). Defendant failed to do so. The Court sua sponte extended defendant's time to oppose the motion to November 24, 2015, and warned defendant it would deem the motion fully

1

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

**BACKGROUND**

I.      Factual Background

The following facts are taken from plaintiffs' brief, affidavits, supporting exhibits, and statement of undisputed material facts pursuant to Local Rule 56.1.

The Funds are (i) jointly administered labor-management trust funds established under the LMRA; (ii) "employee benefit plans" within the meaning of ERISA, 29 U.S.C. §§ 1002(3) and 1132(d)(1); and (iii) "multiemployer plans" within the meaning of 29 U.S.C. §§ 1002(37) and 1145.  Plaintiffs are the trustees of the Funds and "plan sponsor[s]" within the meaning of 29 U.S.C. § 1002(16)(B)(iii).  Plaintiffs are fiduciaries of the Funds empowered to bring this action. See id. §§ 1002(21)(A) and 1132(a)(3).

Defendant is a for-profit corporation and an employer within the meaning of ERISA, 29 U.S.C. §§ 1002(5) and 1145.  Since March 2, 2009, defendant has been a party to collective bargaining agreements ("CBAs") with the Union.

Each CBA obligates defendant to make fringe benefit contributions to the Funds for work performed by defendant's employees falling under the jurisdiction of the Union's Local 137. The amount defendant is required to contribute is based on the number of hours worked multiplied by rates set forth in the CBAs' fringe benefit schedules.  Under the CBAs, in the event defendant's contributions are delinquent, the Funds are entitled to recover (i) the full value of the outstanding contributions; (ii) 10% annual interest on delinquent contributions; (iii) liquidated damages in the amount of 10% of the total unpaid contributions; (iv) audit fees; and (v) attorney's fees and costs.  The CBAs also require defendant to submit to audits by the Funds.

---

submitted and unopposed if no opposition was received.  (Doc. #45).  Defendant still has not opposed the motion.

With the help of an accounting firm, the Funds audited defendant's payroll to determine whether defendant had made the required fringe benefit contributions during the period from October 1, 2012, through February 28, 2015 (the "Audited Period"). The audit report, dated April 29, 2015, indicated defendant's contributions were deficient by $117,136.22 during the Audited Period. Additionally, calculated at 10% per year for delinquent contributions, $12,164.82 in interest had accrued during the Audited Period. The audit cost plaintiffs $1,912.50.

Since the audit, defendant has paid the Funds $44,199.73 toward the unpaid contributions. Therefore, $72,936.49 remains outstanding, not including interest.

II.     Relief Sought

Plaintiffs seek to recover the following:

1. $72,936.49 in outstanding contributions;

2. The $12,164.82 in interest that accrued during the Audited Period;

3. $2,431.22 in additional interest, which accrued at a rate of 10% per year on the outstanding contributions between the audit report on April 29, 2015, and August 29, 2015, shortly before this motion was filed;

4. Statutory damages of $7,293.64, or 10% of the outstanding contributions;

5. $6,463.00 in attorney's fees;[2]

6. $480.00 in court costs, including filing and process server fees;

7. $1,912.50 in auditor fees, plus as-yet unknown additional auditor fees in conjunction with this motion.

---

[2]     Curiously, the invoice attached as Exhibit F to the Affidavit of Giacchino J. Russo in Support of Motion for Summary Judgment indicates $13,513.00 in attorney's fees were incurred, yet both plaintiffs' memorandum of law and the statement of damages request only $6,463.00. The affidavit itself refers to additional costs incurred "of an as yet undetermined sum" in connection with the preparation of this motion. (Russo Aff. ¶ 13).

3

**DISCUSSION**

I.  Legal Standards

    A.  Summary Judgment

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material when it "might affect the outcome of the suit under the governing law . . . .  Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party.  See id.  The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried."  Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir. 2010) (citation omitted).  It is the moving party's burden to establish the absence of any genuine issue of material fact.  Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party has failed to make a sufficient showing on an essential element of his case on which he has the burden of proof, then summary judgment is appropriate.  Celotex Corp. v. Catrett, 477 U.S. at 323.  If the non-moving party submits "merely colorable" evidence, summary judgment may be granted.  Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50.  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (internal quotation marks and

citations omitted).  The mere existence of a scintilla of evidence in support of the non-moving party's position is likewise insufficient; there must be evidence on which the jury could reasonably find for him.  Dawson v. Cty. of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party.  Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).  If there is any evidence from which a reasonable inference could be drawn in favor of the non-moving party on the issue on which summary judgment is sought, summary judgment is improper.  See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004).

When the non-moving party fails to address an assertion of fact that is established by supporting materials, the Court may "consider the fact undisputed for purposes of the motion" and grant summary judgment for the moving party.  Fed. R. Civ. P. 56(e)(2)-(3); see S.D.N.Y. Local Civil Rule 56.1(c).  Nevertheless, when, as here, the non-moving party "chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial."  Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (internal quotation marks omitted).

When moving for summary judgment on an affirmative defense, a plaintiff "may satisfy its [] burden by showing 'that there is an absence of evidence to support [an essential element of] the [non-moving party's] case."  Fed. Deposit Ins. Corp. v. Giammettei, 34 F.3d 51, 54 (2d Cir. 1994) (quoting DiCola v. SwissRe Holding (N. Am.), Inc., 996 F.2d 30 (2d Cir. 1993)).  The

5

plaintiff need not "support its motion with affidavits or other similar materials <u>negating</u>" the affirmative defense.  Id. (quoting <u>Celotex Corp. v. Catrett</u>, 477 U.S. at 323).

      B.      <u>ERISA</u>

Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."  29 U.S.C. § 1145.  Private civil actions may be brought by unions, employees, beneficiaries, or the trustees who administer the plan against employers who are delinquent in making contributions.  See id. § 1132(a); <u>Demolition Workers Union v. Mackroyce Contracting Corp.</u>, 2000 WL 297244, at *2 (S.D.N.Y. Mar. 22, 2000).

In addition to the unpaid contributions, plaintiffs in Section 515 cases may recover (i) interest on the unpaid contributions; (ii) liquidated damages; and (iii) reasonable attorney's fees and costs.  29 U.S.C. § 1132(g)(2)(A)-(D).  The applicable interest rate is provided by the CBA.  Id. § 1132(g)(2).  The statute permits liquidated damages up to the greater of (i) the interest on the total unpaid contribution or (ii) a percentage of the unpaid contribution set forth in the CBA not to exceed 20%.  Id. § 1132(g)(2)(C).  "Costs" include auditor fees if provided for in the CBA.  <u>Trs. of Four Joint Bds. Health & Welfare & Pension Funds v. Penn Plastics, Inc.</u>, 864 F. Supp. 342, 350-51 (S.D.N.Y. 1994).

Courts in the Second Circuit have recognized that an employer's affirmative defenses to a Section 515 action are very limited.  See <u>Demolition Workers Union v. Mackroyce Contracting Corp.</u>, 2000 WL 297244, at *3.  "The Second Circuit has stated that only two defenses are available: (1) that the contributions themselves are illegal, and (2) that the collective bargaining

agreement is void (not merely voidable)." Id. (citing Benson v. Brower's Moving & Storage, Inc., 907 F.2d 310, 314 (2d Cir. 1990)).

II.     Plaintiffs' Motion

Based on the undisputed facts set forth above, summary judgment is warranted, because there is no genuine dispute as to any of the following:

As the Union and the trustees of the Funds, plaintiffs are empowered to bring this action to enforce the CBAs under ERISA and the LMRA.  Defendant is an employer bound by ERISA to make fringe benefit contributions according to the terms in the CBAs.  Defendants failed to remit $117,136.22 in contributions during the Audited Period, $72,936.49 of which remains outstanding.  Under the CBAs' terms, plaintiffs are entitled to recover: (i) $72,936.49 in outstanding contributions; (ii) $12,164.82 in interest that accrued during the Audited Period; (iii) $2,431.22 in interest that accrued between April 29, 2015, and August 29, 2015; (iv) $480.00 in court costs and as-yet unknown attorney's fees and auditor fees; and (v) $7,293.64 in statutory damages, or 10% of the outstanding contributions.  So long as the attorney's fees are reasonable—which the Court will decide at a later date—the relief provided for in the CBAs does not exceed what is permitted by 29 U.S.C. § 1132(g).

Therefore, plaintiffs are entitled to recover $95,306.17 plus reasonable attorney's fees and auditor fees to compensate for defendant's unpaid contributions to the Funds.[3]

---

[3]     Defendant did not plead either of the two available affirmative defenses in its answer, and as it has not opposed this motion at all, has not offered any evidence either that defendant's owed contributions were illegal or the CBAs were void.  Plaintiff asserts there is no such evidence.  To the extent either defense has been raised at all, this assertion is sufficient to meet plaintiff's burden to show an absence of evidence that either defense applies.  See Fed. Deposit Ins. Corp. v. Giammettei, 34 F.3d at 54.

**CONCLUSION**

Plaintiffs' motion for summary judgment is GRANTED.

By April 26, 2016, plaintiffs shall submit (i) affidavits of attorney's fees and auditor fees reflecting the final fee amounts; and (ii) a proposed judgment stating a total amount owed by defendants, which shall include the monetary relief as itemized above plus the final amount of attorney's fees and auditor fees requested.

The Clerk is directed to terminate the motion.  (Doc. #39).

Dated:  April 5, 2016
        White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge